FILED
2010 Jul-22  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANTLEY LADD, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 10-AR-1146-S |
| | } | |
| TARGET CORPORATION, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

Plaintiff, Brantley Ladd ("Ladd"), sues defendant, Target Corporation ("Target"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), along with state law claims of negligent supervision and training, negligent retention, and invasion of privacy. Before the court is Target's motion under Rule 12(b)(6) F.R. Civ. P. for partial dismissal of Ladd's complaint. For the reasons stated below, Target's motion will be partially granted.

**Discussion**

The above-entitled action was filed on May 3, 2010. After moving for and receiving an extension of time to respond to the complaint, on June 16, 2010, Target filed and answer and motion to dismiss Ladd's Title VII retaliation and "pattern and practice" claims, as well as all her state law claims. Target's motion was set for oral argument. On July 10, 2010, Ladd filed a response to Target's motion, in which she abandoned her retaliation and pattern and practice claims under Title VII, but contested dismissal of her

state law claims. The scheduled hearing was conducted on July 16, 2010, but plaintiff's counsel did not attend, leaving this court to determine the propriety of plaintiff's state law claims based on the written record.

Target argues that the negligent supervision and retention claims should be dismissed because Ladd has not pled an underlying common law tort. (Doc. 6 at 16). In her response, Ladd concedes that to plead a valid negligent retention or supervision claim under Alabama law a plaintiff must also plead an underlying, common law tort. (Doc. 10 at 3). However, Ladd contends that she has met this requirement by properly pleading the tort of invasion of privacy. Because Ladd's negligent supervision and retention claims depend on the validity of her invasion of privacy claim, the disposition of all her state law claims will depend on whether her invasion of privacy claim meets the Rule 12(b)(6) standard for pleading, as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937 (2009).

Under Alabama law, invasion of privacy "encompasses four types of wrongful conduct: (1) the intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for a

commercial use." *Swanson v. Civil Air Patrol*, 37 F. Supp. 1312, 1330-1331 (M.D. Ala. 1998). Target and Ladd agree that Ladd's only potential grounds for invasion of privacy are types (2) and (3). For both of the aforementioned types, a plaintiff must properly plead "publicity". Alabama courts have adopted the Restatement (Second) of Torts's definition of publicity, holding that publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Johnston v. Fuller*, 706 So. 2d 700, 703 (Ala. 1997)(quoting Restatement (Second) of Torts § 652D cmt. a (1977)). A plaintiff cannot establish publicity by showing that a defendant "communicat[ed] a fact concerning plaintiff's private life to a single person or even to a small group of persons." *Id.* In the statement of facts in her complaint Ladd alleges that Erin Boyle ("Boyle"), a Target employee, told twelve people about the alleged circumstances surrounding her termination. (Doc. 1 at 3). Later in her complaint, Ladd states that Target, through Boyle, "disseminated information about Plaintiff's termination to numerous other employee [sic] of Defendant".

Target argues that Ladd has not properly pled publicity, and thus all her state law claims are due to be dismissed under Rule 12(b)(6). If, after conducting discovery, Ladd can still only claim that twelve co-workers were told about her termination, this court

is doubtful that Ladd's claim will survive a Rule 56 motion. However, it is arguable that Ladd's claim that Boyle told "numerous employees" means that Ladd believes there may be more than twelve. It is also possible that given the particular circumstances of the case, which can only be revealed though the discovery process, the telling of twelve employees is enough to present a triable issue of fact on the publication issue. All of the cases cited by defendant in which a plaintiff's claim for invasion of privacy was dismissed for lack of publication were decided at the summary judgment stage and had fewer people with knowledge of the statements at issue. *See Swanson v. Civil Air Patrol*, 37 F. Supp. 2d 1312 (M.D. Ala. 1998); *Regions Bank v. Plott*, 897 So. 2d 239 (Ala. 2004); *See also Ex parte Birmingham News, Inc.*, 778 So. 2d 814 (Ala. 2000). At this stage the court is inclined to agree with Ladd that the details concerning publication need to be borne out through the discovery process. Therefore, Target's motion will be denied as to Ladd's state law claims. Because Ladd has abandoned any Title VII claims based on pattern and practice or retaliation, those claims will be dismissed with prejudice by separate order.

   DONE this 22nd day of July, 2010.

                                          _____
                                          WILLIAM M. ACKER, JR.
                                          UNITED STATES DISTRICT JUDGE